UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE PUBLIC DEFENDER SERVICE FOR <br> THE DISTRICT OF COLUMBIA <br> 333 Indiana Avenue, NW <br> Washington, DC  20004, <br><br> Plaintiff, <br><br> v. <br><br> DEPARTMENT OF JUSTICE <br> Office of Information & Privacy <br> Flag Building, Suite 570 <br> Washington, DC  20530 <br><br> AND <br><br> THE FEDERAL BUREAU OF PRISONS <br> Office of General Counsel <br> 320 First Street, NW <br> Washington, DC  20534 <br><br> Defendants. | CIVIL ACTION <br> CASE NO. 1:06CV00500 <br> JUDGE:  John D. Bates <br> FOIA/Privacy Act |

### FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF

1.  This is an action under the Freedom of Information Act, 5 U.S.C. § 552 *et seq.*, for injunctive and other appropriate relief and seeking the immediate disclosure and release of agency records improperly withheld from plaintiff by defendants Department of Justice ("DOJ") and its above-named component, defendant, the Federal Bureau of Prisons ("BOP").

**Jurisdiction and Venue**

2. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). This court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue lies in this district pursuant to 5 U.S.C. § 552(a)(4)(B).

3. Plaintiff Public Defender Service for the District of Columbia ("PDS") is a federally funded organization dedicated to promoting and providing quality defense services to indigent adults and juveniles in the District of Columbia. Among other things, PDS provides post-conviction representation to people convicted of crimes in the District of Columbia, including representation under the D.C. Innocence Protection Act. D.C. Code § 22-4131, *et seq.*

4. Defendant, DOJ, is a Department of the Executive Branch of the United States Government and includes component entity BOP as codified in 28 C.F.R. §§ .95-.99 App. Subpart Q of Part 0 (2004). The DOJ is an agency within the meaning of 5 U.S.C. § 552(f).

5. Defendant, BOP, is a component entity of defendant DOJ as codified in 28 C.F.R. §§ .95-.99 App. Subpart Q of Part 0 (2004), and is responsible for housing District of Columbia Code offenders convicted of 'violent crimes' as one of its agency responsibilities pursuant to D.C. Code §24-101, *et seq.*. Defendant BOP is an agency within the meaning of 5 U.S.C. § 552(f).

## FACTS

### I. INTRODUCTION

6.  This litigation stems from a Freedom of Information Act request made by plaintiff to defendants, seeking the names and locations of people currently being held by defendants who have been convicted and sentenced by the D.C. Superior Court for various D.C. Code offenses involving sexual misconduct. The defendants have denied plaintiff's FOIA request on privacy grounds, and have affirmed that denial in an administrative appeal. The matter is accordingly fully exhausted and ready for de novo review by this Court.

7.  In the District of Columbia, as in all United States jurisdictions, a criminal conviction for a felony offense is quintessentially public information. In addition, defendant BOP treats prisoner housing information as public information, publishing such information on its website. See http://www.bop.gov/inmate_locator/index.jsp. Plaintiff's request accordingly seeks only information that is available to the public generally.

8.  Despite the public nature of the requested information, the locations of D.C. offenders convicted of the listed offenses are not readily available to plaintiff. Under the National Capital Revitalization and Self-Government Improvement Act of 1997 (the Revitalization Act), P.L. 105-33, 1997 HR 2015, Title XI, Sec. 11201, *et seq.* people convicted of crimes in the District of Columbia local courts are physically held in Bureau of Prisons facilities throughout the country. *See,* D.C. Code § 24-101, *et seq.* Given the widespread nature of these facilities, many of which are thousands of miles

away from the location of conviction, it is difficult to determine where groups of District of Columbia offenders are held at any particular time, thus making contact with groups of D.C. prisoners extraordinarily difficult.

9. Plaintiff is informed and believes, and therefore alleges, that defendants have in their possession the requested information, that they came into possession of the information in performance of their official duties, that these records involve entirely closed cases and were not created for any law enforcement purpose, and that the requested information is already in a readily-available format. In fact, defendants have not denied possession of the information in a readily-accessible fashion; they have merely withheld such information for alleged privacy reasons.

10. The primary purpose of plaintiff's FOIA request is to gain specific information about where D.C. Code violators convicted of the delineated offenses are currently being housed. Plaintiff eventually intends to use the requested information to conduct a review of all pertinent District of Columbia convictions in order to determine whether DNA testing should be conducted for the purposes of exoneration.

11. Plaintiff's request is of substantial public importance both to the wrongly convicted and to the general public. In the absence of access to the requested information, the District of Columbia public has no meaningful ability to determine where inmates, who might be exonerated through DNA testing, are even being held. In addition, in the absence of the requested information both the general public and particular inmates have no meaningful ability to determine whether District of Columbia criminal justice mechanisms have caused innocent people to be incarcerated.

12. Plaintiff's FOIA request raises issues that have recently received substantial public attention both nationally and locally. On October 3, 2004, the President signed into law the Innocence Protection Act of 2004. Title IV of the omnibus legislation Justice For All Act of 2004, H.R.5107. This legislation created a federal counterpart to the District of Columbia's 2001 innocence legislation. D.C. Code § 22-4131, *et seq.* (providing post-conviction opportunities for DNA testing and relief for felons convicted in the D.C. Superior Court). Receipt of the requested information will allow Plaintiff to begin to execute a plan under Title IV of the Justice for All Act of 2004 to promote the testing of incarcerated individuals who may be innocent.

13. The Plaintiff is uniquely situated to vindicate the public interest in access to this information. As the District of Columbia Court of Appeals noted in Bouknight v. United States, 867 A.2d 245, n.4 (D.C. 2005), plaintiff PDS was instrumental in the passage of the D.C Innocence Protection Act, and the plaintiff has extensive experience in representing indigent District of Columbia prisoners in post-conviction litigation.

II. **PLAINTIFF'S DECEMBER 2004 FOIA REQUEST AND DENIAL**

14. On December 7, 2004, plaintiff submitted a FOIA request to the Office of General Counsel of defendant BOP. (A copy of this document is attached as Exhibit A, and incorporated by reference).

15. In a second letter, dated December 8, 2004, plaintiff supplemented the initial FOIA submission to the BOP with further information regarding the purpose and the public interest in the disclosure of the requested materials. (A copy of this document is attached as Exhibit B, and incorporated by reference).

16. Specifically, plaintiff's December 7, 2004 FOIA request and the supplemental submission dated December 8, 2004 seeks information about people convicted of District of Columbia Code offenses who are being held in BOP prison facilities throughout the country. *See*, D.C. Code § 24-101, *et seq.*. Plaintiff seeks the names and federal register numbers of inmates in the custody of the Bureau of Prisons "pursuant to judgment and commitment orders of the District of Columbia Superior Court based on D.C. Criminal Code sections prohibiting certain sexual misconduct as follows: §22-3002, §22-3003, §22-3008, §22-3009, §22-4801."

17. On February 9, 2005, defendant BOP responded to plaintiff's request and refused to disclose any of the requested material, citing both 28 C.F.R. § 513.34 (b) and 5 U.S.C. § 552 (b)(7)(C) as exempting them from producing the requested documents. (A copy of this document is attached as Exhibit C, and incorporated by reference).

18. In this response, dated February 9, 2005, the BOP outlined the availability of an administrative appeal to the Attorney General pursuant to 28 C.F.R. § 16.9.

### III.  PLAINTIFF'S ADMINISTRATIVE APPEAL AND DOJ RESPONSE

19. In a letter, dated March 25, 2005, plaintiff submitted a Freedom of Information Act Appeal to the Office of Information and Privacy in the DOJ. (A copy of this document is attached as Exhibit D, and incorporated by reference).

20. In a letter dated April 8, 2005, defendant DOJ submitted a letter to plaintiff acknowledging receipt of the appeal. This letter stated that "substantial backlog" was preventing defendants from making a timely response. (A copy of this document is attached as Exhibit E, and incorporated by reference).

21. Plaintiff faxed further communication, dated May, 23, 2005, to defendant DOJ requesting a decision on plaintiff's administrative appeal. (A copy of this document is attached as Exhibit F, and incorporated by reference).

22. Defendant DOJ responded to plaintiff's request in a letter dated May 25, 2005. In this communication the DOJ continued to cite general backlog as the reason for the delay in producing a decision on plaintiff's administrative appeal. (A copy of this document is attached as Exhibit G, as incorporated by reference).

23. Plaintiff made a further request for an expeditious decision on their appeal, dated February 23, 2006. (A copy of this document is attached as Exhibit H, as incorporated by reference).

24. Defendant DOJ responded to plaintiff's administrative appeal, affirming defendant BOP's denial of the plaintiff's FOIA request in a letter dated March 6, 2006, citing only to 5 U.S.C. § 552(b)(7)(C) as justification for withholding the requested information. (A copy of this document is attached as Exhibit I, as incorporated by reference).

25. Plaintiff PDS has exhausted all administrative remedies with respect to its Freedom of Information Act request to the BOP and its administrative appeal to the DOJ. 5 U.S.C. §552 (a)(6)(C)(i).

26. The DOJ and its subpart BOP have wrongfully withheld the requested agency records from plaintiff in violation of the Freedom of Information Act. 5 U.S.C. §552 (a).

## CAUSE OF ACTION

### FOIA Violation for Improperly Withholding Agency Records Sought by Plaintiff's Request:

27. Plaintiff repeats and realleges paragraphs 1-26.

28. Plaintiffs are informed and believe, and therefore allege, that the requested information is in the possession of the defendants and came into their possession in the legitimate conduct of their official duties.

29. Defendants' improper withholding of agency records sought by plaintiff's request violates the FOIA, 5 U.S.C. § 552(a).

## REQUESTED RELIEF

WHEREFORE, plaintiff prays that this Court:

A. expedite consideration of this Complaint pursuant to 28 U.S.C. § 1657;

B. enter an injunction ordering the defendants to produce the improperly withheld records to plaintiff at no cost within 10 working days of the date any such Order is signed by the Court;

C. award plaintiff their costs and reasonable attorneys fees incurred in this action;

D. grant such other relief as the Court may deem just and proper;

E. retain jurisdiction over this matter until defendant has certified to the Court that all requested information has been produced in compliance with the Order or in the alternative, has produced all the withheld records to the Court for an in camera examination to determine whether the records or any part thereof should be withheld as promulgated in 5 U.S.C. §552 (a)(4)(B).

Respectfully submitted,

_____
Timothy O'Toole (469800)
Chief, Special Litigation Division
Public Defender Service for the District of Columbia
633 Indiana Avenue
Washington, DC 20004
(202) 824-2523

March 30, 2006

# CERTIFICATE OF SERVICE

I hereby certify that I have caused a copy of the <u>First Amended Complaint for Injunctive Relief</u> to be hand-delivered this 30th day of March, 2006 to:

    Office of General Counsel
    Federal Bureau of Prisons
    320 First Street, NW
    Washington, DC  20534

    US Attorney
    501 3rd Street, NW
    Washington, DC  20001

    Co-Director
    Office of Information & Privacy
    U.S. Department of Justice
    Flag Building, Suite 570
    Washington, DC  20530

    US Attorney General
    D.O.J.
    850 Pennsylvania Avenue, NW
    Washington, D.C.  20830

_____
Timothy O'Toole
Plaintiff's Attorney

#46921